UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>SHAQUIL GARY | No. 3:22-cr-116 (SRU) |

### ORDER ON MOTION TO DISMISS INDICTMENT

Shaquil Gary ("Gary") filed a motion to dismiss the single-count indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Doc. No. 118. Gary argues that section 922(g)(1) is unconstitutional as applied to him. For the reasons set forth below, Gary's motion to dismiss is **denied**.

**I.     Background**

Gary was indicted on June 8, 2022 by a grand jury for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *See* Doc. No. 1. A change of plea hearing is scheduled for September 4, 2024.

Gary's motion to dismiss was filed on June 4, 2024. *See* Doc. No. 118.

**II.    Legal Standard**

Federal Rule of Criminal Procedure 12(b)(1) permits a defendant to file pretrial motions raising "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1); *United States v. Sampson*, 898 F.3d 270, 278–79 (2d Cir. 2018). "In ruling on a motion to dismiss, a court views the indictment as a whole and assumes its factual allegations to be true." *United States v. Litvak*, 2013 WL 5740891, at *2 (D. Conn. Oct. 21, 2013).

**III.    Discussion**

Gary moves to dismiss the indictment on the grounds that section 922(g)(1) is unconstitutional, arguing that it "violate[s] the Second Amendment to the Constitution because [it] burden[s] the right to keep and bear arms and [is] not consistent with the history and tradition of firearm regulation in the United States." Doc. No. 118, at 1. He relies on the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, which he argues requires the government to "establish an adequate historical record of felon disarmament" in order for this Court to uphold the constitutionality of section 922(g)(1). *Id.* at 6.

I disagree that the government is required to make that showing. In *Bruen*, the Supreme Court criticized the "two-step" test for analyzing Second Amendment challenges that lower courts had "coalesced around" in the years since its decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. Chicago,* 561 U.S. 742 (2010), in which the Court held for the first time that the Second and Fourteenth Amendments guarantee an individual right to bear arms for self-defense. *See Bruen*, 597 U.S. at 17. The *Bruen* Court described that test as combining "history with means-ends scrutiny," and emphasized that the proper test must be "rooted in the Second Amendment's text, as informed by history." *Id.* The Court set forth a new test for determining the constitutionality of firearm regulations:

> In keeping with *Heller* . . . when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id.*

The majority opinion in *Bruen*, however, was careful to emphasize, at numerous points, that it was reaffirming and clarifying *Heller* and *McDonald*, not abrogating the Court's reasoning in those cases. *See, e.g.*, *Bruen*, 597 U.S. at 8 ("We too agree, and now hold, consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home."). The Court in *Heller* had been clear that the "right secured by the Second Amendment is not unlimited," and its holding "should not be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," among other categories of presumptively constitutional prohibitions. *Heller*, 554 U.S. at 626. Six Justices authored or joined separate opinions in *Bruen* that explicitly note that *Bruen* does not disrupt *Heller*'s endorsement of laws banning felons from possessing firearms. *See Bruen*, 597 U.S. at 71 (Alito, J., concurring) ("Nor have we disturbed anything that we said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns."); 80-81 (Kavanaugh, J., joined by Roberts, J., concurring) (quoting the passage from *Heller* explicitly endorsing felon-in-possession laws, and stating that, "[p]roperly interpreted, the Second Amendment allows a 'variety' of gun regulations."); 129 (Breyer, J., joined by Sotomayor and Kagan, J.J., dissenting) (referring to the same passage in *Heller* and stating "I understand the Court's opinion today to cast no doubt on that aspect of *Heller's* holding.").

Moreover, the Second Circuit held in a *per curiam* opinion in the case *United States v. Bogle*, that "§ 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons." 717 F.3d 281, 281-82 (2d Cir. 2013). Despite predating *Bruen*, *Bogle* remains good law because it does not employ any means-ends interest balancing that the Court in *Bruen* clarified was improper. *See Bruen*, 597 U.S. at 19 ("*Heller* and *McDonald* do not support applying means-end scrutiny in the Second Amendment context."). Instead, *Bogle* is a succinct

3

opinion that relies wholly on the language of *Heller* and *McDonald*, cases that *Bruen* endorsed. *Bogle*, 717 F.3d at 281 ("[I]n both of these opinions [*Heller* and *McDonald*], the Supreme Court clearly emphasized that recent developments in Second Amendment jurisprudence should not 'be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.'").

Gary argues this Court can no longer rely on *Bogle* because it did not employ the two-step historical analysis *Bruen* held was necessary in order to establish the constitutionality of a gun regulation. *See* Doc. No. 118, at 10-13; Reply, Doc. No. 129, at 1-3. In support of that argument, Gary points to recent out-of-circuit cases abrogating decisions that rely on the language of *Heller* and *McDonald* to uphold the constitutionality of gun regulations in the aftermath of *Bruen*. *See id.* (citing *Atkinson v. Garland*, 70 F.4th 1018, 1022-23 (7th Cir. 2023); *United States v. Duarte*, 101 F.4th 657, 661–62 (9th Cir. 2024); and *Vincent v. Garland*, 80 F.4th 1197, 1201 (10th Cir. 2023), *cert. granted, judgment vacated*, 2024 WL 3259668 (U.S. 2024)). None of those cases, however, obviously disturbs the precedential value of *Bogle* in this Circuit. Perhaps the Second Circuit will, in the future, reevaluate its decision in *Bogle*. In the meantime, this Court remains bound under *Bogle* to hold that section 922(g)(1) is constitutional, and it is therefore unnecessary to engage in the historical analysis that *Bruen* commands in order to ascertain whether felon-in-possession laws unconstitutionally restrict individuals' right to bear arms.

Finally, Gary argues that section 922(g)(1) is unconstitutional as applied to him, and for support cites several out-of-circuit cases that have held section 922(g) to be unconstitutional as applied to specific individuals. *See* Doc. No. 118, at 2-3. An as-applied challenge to a statute's constitutionality, in contrast to a facial challenge, "requires an analysis of the facts of a particular case to determine whether the application of a statute, even one constitutional on its face,

4

deprived the individual to whom it was applied of a protected right." *Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 174 (2d Cir. 2006). But Gary points to no particular facts to support the argument that section 922(g)(1), even if facially constitutional, is unconstitutional as applied to him. Moreover, Gary's criminal history is unlike the criminal history of the defendants whose as-applied challenges to section 922(g)(1) other circuits have sustained. Gary admits that at least one of his previous felony convictions was for a violent crime: it was for the "use of a firearm to rob a person of property of the United States, in violation of 18 U.S.C. § 2114(a)." *See* Doc. No. 118, at 4. In the cases Gary cites to, other Courts of Appeals have held section 922(g) to be unconstitutional as applied to individuals with *nonviolent* prior felony convictions. *See United States v. Duarte,* 101 F.4th 657, 688 (9th Cir. 2024), *reh'g en banc granted, opinion vacated*, 108 F.4th 786 (9th Cir. 2024) ("the burdens and justifications (*Bruen's* 'how' and 'why') for laws disarming disfavored groups at the Founding are not 'distinctly similar' to § 922(g)(1) to justify its blanket ban on non-violent felons possessing firearms."); *Range v. Attorney General*, 69 F.4th 96, 106 (3d Cir. 2023) (en banc) ("Our decision today is a narrow one. Bryan Range challenged the constitutionality of 18 U.S.C. § 922(g)(1) only as applied to him given his violation of 62 Pa. Stat. Ann. § 481(a) [for making a false statement on a food stamp application] . . . the Government has not shown that our Republic has a longstanding history and tradition of depriving people like Range of their firearms."); *United States v. Daniels*, 77 F.4th 337, 340 (5th Cir. 2023) (concluding that "history and tradition" did not "justify" disarming "sober" or "nonviolent" drug users "based exclusively" on "past drug usage"). Gary has thus also not established why section 922(g)(1) is unconstitutional as applied to him, an individual with a prior violent felony conviction. His as-applied challenge therefore fails.

I conclude that section 922(g)(1) remains constitutional after *Bruen*, both facially and as applied to Gary. Thus, Gary's motion to dismiss must be denied.

## IV. Conclusion

For the foregoing reasons, Gary's motion to dismiss the indictment, doc. no. 118, is **denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 3rd day of September 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge